**Ling Li, Attorney At Law**
Ling Li, Esq.
(NY Bar No. 5016423)
9 Mott Street, #301
New York, NY 10013
P: 212-566-2064
liling.esq@gmail.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JING LIN | : |
| | : |
| | :    Docket No. 26-cv-2536 |
| *Petitioner*, | : |
| | : |
| v. | :    Immigration No.: 201-888-644 |
| | : |
| KENNETH GENALO, Field Office Director | :    **VERIFIED PETITION FOR** |
| of New York Immigration and Customs | :    **HABEAS CORPUS** |
| Enforcement; TODD LYONS, Acting | : |
| Director of Immigration and Customs | : |
| Enforcement; MARKWAYNE MULLIN, | :    **EXPEDITED HANDLING** |
| Secretary of the U.S. Department of | :    **REQUESTED PURSUANT TO** |
| Homeland Security; TODD BLANCHE, | :    **28 U.S.C § 1657** |
| Acting Attorney General of the United | : |
| States. | : |
| | : |
| | : |
| *Respondents*. | : |

1

**INTRODUCTION**

1. Petitioner is a citizen of China who entered the United States on or about July 6, 2018 without having been paroled or admitted, and has not departed the country since then.

2. On or about July 22, 2019, DHS served Petitioner with a Notice to Appear ("NTA"), after he filed for asylum affirmatively with the United States Customs and Immigration Services (USCIS), which designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."

3. On information and belief, on April 28th, 2026, at around 1:00 p.m., Petitioner was approached by police officers who asked him for his identification. He did not have an unexpired identification with him at the time. The police arrested him but released him after a few hours. However, upon release, agents from the Immigration and Customs Enforcement ("ICE") approached him and detained him.

4. Petitioner was taken into the ICE holding area in the Nassau County Jail the same afternoon and has remains detained there as of the time of this filing.

5. Petitioner is subject to pre-final order of removal detention under 8 U.S.C. § 1226(a). Noncitizens detained under section 1226(a) are subject to discretionary detention and can request a change in custody redetermination (i.e. bond hearing) with an Immigration Judge ("IJ").

6. However, on July 8, 2025, DHS issued an internal Interim Guidance ("Policy") that took the baseless position that—contrary to statutory principles and governing case law—

2

noncitizens like Petitioner who entered the United States without permission or parole are subject to mandatory detention under 8 U.S.C. § 1225(b) instead of discretionary detention under section 1226(a). On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) that sided with DHS' position. Both the Policy and the BIA's decision are now definitively foreclosed by binding Second Circuit precedent.

7.      DHS' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) is without merit. On April 28, 2026, the United States Court of Appeals for the Second Circuit issued its precedential opinion in *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026) ("*Cunha*"), holding that noncitizens who entered the United States without inspection and admission, and who were not apprehended at or near the border at the time of entry, are governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). *Cunha* is binding precedent in this Circuit and is directly controlling here. DHS' Policy has upended decades of its own interpretation of bond eligibility under sections 1226(a) and 1225(b)—a practice that *Cunha* found spanned five Presidential administrations over nearly thirty years. The Second Circuit's decision joins over 370 district court judges who rejected the government's position. *Cunha*, slip op. at 10–11.

8.      For the foregoing reasons, and based on the binding authority of *Cunha v. Freden*, the Court should grant habeas relief and order Respondents to immediately release Petitioner. In the alternative, the Court should order Respondents to provide Petitioner with a bond hearing within 48 hours.

### JURISDICTION

9.      This action arises under the Constitution of the United States and the INA, 8 U.S.C. § 1101 *et seq*.

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

11.    This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

12.    Venue is proper because Petitioner was detained and taken into custody at the Nassau County Jail on April 28, 2026. As of the time of this filing, upon information and belief Petitioner remains detained at the same location. Venue is also proper in this District because Respondents are officers, employees, or agencies of the United States. *See* 28 U.S.C. § 1391(e).

## PARTIES

13.    Respondent Kenneth Genalo is sued in his official capacity as the Field Office Director of the New York office for ICE's Enforcement and Removal Operations ("ERO") field office. Respondent Genalo is also the physical custodian of Petitioner as Petitioner, upon information and belief, remains detained by ICE in a temporary holding room at the Nassau County Jail.

14.    Respondent Todd Lyons is sued in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement. Respondent Lyons is a legal custodian of Petitioner and has authority to release him.

15.    Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security. In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency

responsible for Petitioner's detention and custody. Respondent Mullin is a legal custodian of Petitioner.

16.    Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice. In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the BIA.  Respondent Blanche is a legal custodian of Petitioner.

## STATEMENT OF FACTS

17.    Petitioner is a citizen of China.

18.    Petitioner has resided in the United States since July 6, 2018.

19.    Upon information and belief, Petitioner has never been convicted of any crimes.

20.    Petitioner is now detained at a temporary ICE holding facility in the Nassau County Jail.

21.    Without relief from this Court, Petitioner faces continued unlawful detention in violation of 8 U.S.C. § 1226(a) and binding Second Circuit precedent.

## LEGAL FRAMEWORK

22.    The INA prescribes three basic forms of detention for noncitizens in removal proceedings. First, 8 U.S.C. § 1226(a) authorizes the detention of noncitizens in standard non-expedited removal proceedings before an IJ. *See* 8 U.S.C. § 1226(a); 8 U.S.C. § 1229a. Individuals in section 1226(a) detention are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, *see* 8 U.S.C. § 1226(c).

5

23.    Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under 8 U.S.C. § 1225(b)(2).

24.    Finally, the INA also provides for detention of noncitizens who are subject to final orders of removal, including individuals in withholding-only proceedings, *see* 8 U.S.C. § 1231(a)–(b).

25.    The detention provisions at section 1226(a) and 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub. L. No. 104-208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226(c) was most recently amended earlier this year by the Laken Riley Act ("LRA"), Pub. L. No. 119-1, 139 Stat. 3 (2025).

26.    Following enactment of the IIRIRA, the EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained under section 1225 and that they were instead detained under section 1226(a). *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). In the decades that followed, most noncitizens who entered without inspection—unless they were subject to some other detention authority—received bond hearings. This practice was also consistent with the practice prior to the enactment of the IIRIRA, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that section 1226(a) simply "restates" the detention authority previously found at section 1252(a)).

27.     On July 8, 2025, DHS issued a memo to all employees of ICE stating that "[t]his message serves as notice that DHS, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities. DHS has determined that section 235 of the Immigration and Nationality Act (INA) [8 U.S.C. § 1225], rather than section 236 [8 U.S.C. § 1226], is the applicable immigration detention authority for all applicants for admission. The following interim guidance is intended to ensure immediate and consistent application of the Department's legal interpretation while additional operational guidance is developed." The memo further stated DHS' new position with regard to custody determinations as follows:

> An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1) [8 U.S.C. § 1225(a)(1)]. **Effective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by INA § 212(d)(5) parole**. These aliens are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration judge and may not be released for the duration of their removal proceedings absent a parole by DHS. For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated. **The only aliens eligible for a custody determination and release on recognizance, bond, or other conditions under INA § 236(a) [8 U.S.C. § 1226(a)] during removal proceedings are aliens admitted to the United States and chargeable with deportability under INA § 237, with the exception of those subject to mandatory detention under INA § 236(c) [8 U.S.C. § 1226(c)].**
>
> Moving forward, ICE will not issue Form I-286, Notice of Custody Determination, to applicants for admission because Form I-286 applies by its terms only to custody determinations under INA § 236 and part 236 of Title 8 of the Code of Federal Regulations. With a limited exception for certain habeas petitioners, on which the Office of the Principal Legal Advisor (OPLA) will individually advise, if Enforcement and Removal Operations (ERO) previously conducted a custody determination for an applicant for admission still detained in ICE custody, ERO will affirmatively cancel the Form I-286.
>
> *See* https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed August 4, 2025) (emphasis original).

28.     As a result, DHS now considers *all* noncitizens who have entered the United States without inspection and are subject to the grounds of inadmissibility, including long-time

7

U.S. residents, to be subject to mandatory detention under section 1225(b) and ineligible for release on bond. Conversely, according to DHS "[t]he only aliens eligible for a custody determination and release on recognizance, bond, or other conditions under INA § 236(a) [8 U.S.C. § 1226(a)] during removal proceedings are aliens admitted to the United States and chargeable with deportability under INA § 237, with the exception of those subject to mandatory detention under INA § 236(c) [8 U.S.C. § 1226(c)]." *Id.*

29.     On September 5, 2025, the BIA issued a decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) holding that, based on the plain language of section 1225(b)(2)(A), IJs lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission.

## CLAIMS FOR RELIEF

## COUNT ONE

### Violation of Fifth Amendment Right to Substantive Due Process

30.     The allegations in the above paragraphs are realleged and incorporated herein.

31.     Petitioner is challenging DHS' unlawful custody determination that Petitioner is subject to detention under 8 U.S.C. § 1225(b) and is ineligible for bond, which violates Petitioner's right to substantive due process of law afforded him through the Fifth Amendment to the United States Constitution.

32.     The Fifth Amendment provides in pertinent part: "No person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

33.      Petitioner is clearly detained pursuant to 8 U.S.C. § 1226(a) and is eligible for release on bond. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b). As the Second Circuit held in *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), § 1225(b)(2)(A) applies only to noncitizens who are both "applicants for admission" and presently "seeking admission"—a category that does not encompass Petitioner, who entered the United States unlawfully years ago and seeks only relief from removal. Respondents have violated Petitioner's due process rights under the Fifth Amendment by detaining him without any opportunity for release on bond.

34.      As a remedy, the Court should order Petitioner immediately released from detention. Because the government has made no individualized finding that Petitioner poses a danger to the community or a risk of flight before detaining the Petitioner. There is no valid basis for this detention exists. In the alternative, the Court should direct that an IJ hold a constitutionally adequate bond hearing within 48 hours.

## COUNT TWO

### Violation of Petitioner's Procedural Due Process Rights

35.      The allegations in the above paragraphs are realleged and incorporated herein.

36.      In *Mathews v. Eldridge*, the U.S. Supreme Court set forth the factors to consider in determining if government action deprives an individual's Fifth Amendment right to procedural due process or whether the government process is constitutionally adequate. 424 U.S. 319 (1976) The *Mathews* factors are as follows: First, the private interest that will be affected by the official action; [S]econd, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; [Third], the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail. *Id*. at 335.

37.    As to the private interest factor, it is the "most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner "has perhaps the most acute private interest known to personkind short of life itself: bodily freedom." *Leal-Hernandez v. Noem*, No. 1:25-cv-02428, 2025 LX 327685, at *34 (D. Md. Aug. 24, 2025).

38.    With respect to the second factor, erroneous deprivation of Petitioner's liberty is at risk. Petitioner is not subject to detention under 8 U.S.C. § 1225(b) as DHS claims. This is now confirmed by binding Second Circuit precedent: *Cunha v. Freden*, No. 25-3141-pr, slip op. at 2–3 (2d Cir. Apr. 28, 2026), holds that § 1226(a)—not § 1225(b)(2)(A)—governs Petitioner's detention. The risk of continued erroneous deprivation is therefore maximal.

39.    As to the third factor, there is no significant governmental interest in continuing to hold Petitioner in custody.

## COUNT THREE

### Violation of the Immigration and Nationality Act ("INA")

40.    The allegations in the above paragraphs are realleged and incorporated herein.

41.    Application of 8 U.S.C. § 1225(b) to Petitioner is a violation of the INA because he is instead subject to discretionary detention under 8 U.S.C. § 1226(a). This conclusion is compelled by the plain text of the statute as authoritatively construed by the Second Circuit in *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), which is binding on this Court. The BIA's contrary decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), cannot override binding Second Circuit precedent.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Enjoin Respondents from transferring Petitioner during the pendency of the instant action outside the Eastern District of New York;

(3)    Declare that Petitioner's continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), controlling Second Circuit precedent including *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), and the Fifth Amendment to the U.S. Constitution;

(4)    Order Petitioner immediately and unconditionally released from immigration detention;

(5)    In the alternative, order Respondents to provide Petitioner with a bond hearing before an Immigration Judge within 48 hours, at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight;

(6)    Grant Equal Access to Justice Act ("EAJA") fees and costs; and

(7)    Grant any other further relief this Court deems just and proper.

**Ling Li, Attorney At Law**
Ling Li, Esq.
(NY Bar No. 5016423)
9 Mott Street, #301
New York, NY 10013
P: 212-566-2064
liling.esq@gmail.com
*Attorney for Petitioner*

*/s/: Ling Li*
Ling Li

11

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, and I submit this verification on his behalf. Because Petitioner is detained at a ICE holding room in Nassau County, Long Island, counsel verifies this petition on his behalf pursuant to 28 U.S.C. § 2242. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 28th day of April, 2026

/s/: *Ling Li*
Ling Li