Law Offices of Ling Li, P.C.
9 Mott Street. #301
New York, New York 10013
Tel: 212-566-2064    Fax: 212-566-2073
Email: liling.esq@gmail.com

April 30, 2026

**_VIA ECF_**

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **Re:**    *Jing Lin v. Genalo, et al.,* Civil Action No. 26-cv-2536 (Brown, J.)

Dear Judge Brown:

This office represents Petitioner Jing Lin and submits this reply to Respondents' letter of April 29, 2026 (DE #7). Respondents' invocation of the Laken Riley Act ("LRA") fails for three independent reasons: (1) the essential elements of a qualifying offense are absent; (2) the conduct at issue, at most, constitutes a non-violent Class E felony not covered by the LRA; and (3) Petitioner's detention without any individualized determination violates the Fifth Amendment.

The LRA mandates detention only where an alien "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting," or similar offense. 8 U.S.C. § 1226(c)(1)(E) (emphasis added). The operative question is not merely whether an arrest occurred, but whether the conduct underlying the arrest constitutes the essential elements of a qualifying offense. Here, Respondents' own exhibit establishes that it does not. Respondents' own exhibit, Detective Reyes' Narrative Report, concedes that "[t]here was no monetary loss by the Solazzo's." DE #7-1 at 4. Larceny requires a taking and carrying away of another's property. N.Y. Penal Law § 155.05. Where no property was taken and no loss occurred, the essential elements of larceny are absent. Respondents cannot simultaneously concede there was no monetary loss and claim the LRA's elements are satisfied. These positions are irreconcilable.

Even accepting the arrest at face value, the highest charge supportable on this record is Attempted Grand Larceny in the Third Degree, a Class E felony under N.Y. Penal Law § 110.05(6), and notably the very classification the Incident Report itself assigns. DE #7-1 at 1. A Class E felony is the lowest felony classification under New York law and is non-violent by definition. The LRA was not enacted to detain individuals alleged to have participated, without physical contact or completed theft, that caused no loss whatsoever. Furthermore, rather than hold Petitioner for arraignment, the Freeport Police released him on a Desk Appearance Ticket (DAT) returnable two weeks later, after having full knowledge of the facts. A DAT is a voluntary

summons, not a custodial hold. It reflects the arresting officers' own contemporaneous judgment that Petitioner posed no danger and no flight risk. ICE's invocation of mandatory detention is flatly inconsistent with that assessment.

Finally, the record may not even support an attempt charge. Under New York law, a criminal attempt requires that the defendant engage in conduct constituting a substantial step toward commission of the crime. N.Y. Penal Law § 110.00. Here, the record establishes that the Petitioner was found standing in the vicinity of the complainants' home. He had no contact whatsoever with the complainants. He never approached their residence. He never touched or came near the money. He made no statement to police. The sole basis for his arrest appears to be that his phone rang while the complainant was speaking to an "agent." Presence in a neighborhood, without more, is not a substantial step toward larceny. If mere proximity and a ringing phone were sufficient to satisfy the LRA, the statute would have no limiting principle. On the facts presented, there is no qualifying predicate offense whatsoever, and mandatory detention is unlawful.

Petitioner is detained without any individualized finding of dangerousness or flight risk, on the basis of a legally insufficient predicate. "Freedom from imprisonment lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Respondents' reliance on *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), is misplaced: that decision presupposes a valid § 1226(c) predicate, which does not exist here. Separately, Respondents conspicuously fail to address *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), binding Second Circuit precedent issued the very day of Petitioner's arrest, which holds that noncitizens who entered without inspection and were not apprehended at the border are governed by 8 U.S.C. § 1226(a) and are entitled to a bond hearing. That decision is independently controlling and provides an additional basis for the relief Petitioner seeks.

Petitioner respectfully requests the Court to grant habeas relief and order Petitioner released from detention. In the alternative, Petitioner requests that the Court order a bond hearing, at which Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight.

Respectfully submitted,

*/s/ Ling Li*
Ling Li, Esq.
Law Offices of Ling Li, P.C.
Attorney for Petitioner Jing Lin
NY Bar No. 5016423